IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00253-WYD-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERALD E. KIMMELL;
EVELYN R. KIMMELL;
WOLFENGANG, LLC;
STATE OF COLORADO;
DEPARTMENT OF REVENUE,

    Defendants.

**ORDER GRANTING SUMMARY JUDGMENT**

THIS MATTER is before the Court on the United States' Motion for Summary Judgment. The motion seeks summary judgment on Claim Two, seeking an order that the United States' federal tax liens be foreclosed upon the real property that is the subject of this case, located at 5129 South Tom Bay Road, Bennett, Colorado, Arapahoe County ("the subject property"). Claim Two is the only remaining claim in this case, as judgment was entered on Claim One by Order of December 3, 2009. No responses were filed to the Motion for Summary Judgment.

I.     <u>ANALYSIS</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

In this case, as noted above, no response was filed to the summary judgment motion. The Tenth Circuit has indicated that "although a district court may consider a motion for summary judgment uncontested for lack of a timely response, it cannot grant summary judgment unless the moving party has met its initial burden of production under Rule 56 and demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Issa v. Comp USA*, 354 F.3d 1174, 1177(10th Cir. 1993) (quoting *Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002)). Thus, I turn to whether the United States met its initial burden of production under Rule 56.

The United States obtains a lien "upon all property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice and demand. This lien arises as of the date of assessment and continues to exist until the tax liability is extinguished. 26 U.S.C. § 6321; *see also* 26 U.S.C. § 6322. It is also effective against the taxpayer without the filing of a notice of lien. 26 U.S.C. § 6323(a).

26 U.S.C. § 7403(c) states in relevant part, "The court ... in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."  *See also* 28 U.S.C. § 2001, *et seq*.

I find that the United States is entitled to summary judgment on Claim Two, as it has met its burden of production under Rule 56. First, the United States has shown that all parties "having liens upon or claiming any interest in the property involved in such action" were named as defendants. 26 U.S.C. § 7403(b). Defendants State of Colorado and Department of Revenue have disclaimed any interest in the subject property. (Doc. # 8.) Accordingly, summary judgment is appropriate as to them.

As to Gerald and Evelyn Kimmell, I find that there are no genuine issues of material fact and that judgment is appropriate as a matter of law against them. The federal tax liens attach to all property and rights to property belonging to Gerald Kimmell. Mr. Kimmell has stipulated to entry of judgment with respect to the underlying tax assessments. Further, the United States recorded Notices of Federal Tax Lien for all the tax years at issue as to the subject property.

The fact that Evelyn Kimmell is not the assessed taxpayer in this matter and has an interest in the subject property does not preclude the United States from foreclosing upon its lien interests and obtaining a sale of the property. *See United States v. Rodgers*, 461 U.S. 677, 691-94 (1983) (family home could be sold under section 7403 to satisfy tax liens arising from husband's tax liability); *United States v. Morgan*, 554

F. Supp. 582, 587-88 (D. Colo. 1982). The Supreme Court in *Rodgers* set out a number of factors that should be considered in determining whether to allow the same of a property when the interests of third parties such as a spouse are involved. *See id.*, 461 U.S. at 710-11. I find that the United States has met its burden of showing that these factors weigh in favor of a forced sale of the subject property, even as to Ms. Kimmell.

First, the United States has shown it would likely suffer prejudice if the Court ordered only a partial sale of the subject property and that this factor weighs in favor of foreclosure of the entire subject property. *See Rodgers*, 461 U.S. at 710. A partial sale, *e.g.*, the sale of Mr. Kimmell's 50% interest only, will prejudice the United States in that potential purchasers of the real property at any judicial sale would not be likely to buy the property, or in the alternative, would be unwilling to pay a fair market price for the property because the non-appearing defendant's liens would continue to attach to the property. The United States would incur prejudice in that no buyer would purchase the real property at issue or it would be sold at a discounted price which would mitigate the United States' recovery of Mr. Kimmell's unpaid federal income tax liabilities.

Second, the United States has shown that Ms. Kimmell has not and cannot show any legal expectation that the subject property would be protected from a forced sale. *See Rodgers*, 461 U.S. at 710-11. The Colorado "homestead exemption" does not provide such a bar. *Morgan*, 554 F. Supp. at 587-88. There is no legal impediment which would support such an expectation in this instance, as in Colorado "the district court generally has the discretion to foreclose the lien on the entire property, on only the taxpayer's interest, or not at all." *Id.*

Third, if the Court orders foreclosure of the federal tax liens against the subject property and authorizes its sale, I find that the United States has demonstrated that Ms. Kimmell has not and cannot show that she would suffer any prejudice from losing her interest. *See Rodgers*, 461 U.S. at 711. She will be compensated in proportion to her interest in the property (50%) after application of the sales proceeds to the costs of sale and any encumbrances that encumber the Kimmell's interests in the property.

Fourth, I agree with the United States that Ms. Kimmell's 50% interest in the subject property should not prevent forced sale of the subject property. This is not a case where the third-party's interest in the property is disproportionately favored thus making a forced sale of the third-party's interest patently unfair. *See Rodgers*, 461 U.S. at 711. In this case, Mr. Kimmell and Ms. Kimmell's interests in the subject property are equal; thus, this factor is essentially neutral. "[K]eeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes", *Rodgers*, 461 U.S. at 711, and the fact that the Kimmells have filed no response to the summary judgment motion or advocated any reason why I should not enforce a sale, I find that the factors weigh in favor of allowing the sale of the subject property.

Finally, I find that summary judgment is appropriate with regard to Defendant Wolfengang, LLC, as the United States has shown through undisputed facts that Wolfengang has no legal interest in the property. Wolfengang was named as a defendant based on the recordation of a purported "equity grant" from the Kimmells. Wolfengang has failed to respond to the complaint or assert an interest in the subject property. Defendants have also not contested the United States' contention in its

summary judgment motion that Wolfengang has never carried out any business activities and never gave any consideration in exchange for the purported equity grant. Further, it is uncontested that Wolfengang served as an alter ego of Gerald Kimmell and the equity grant was recorded to make it appear that Wolfengang maintained an interest in the property when in fact it did not, as alleged in the summary judgment motion. Finally, the purported equity grant has been rescinded and the rescission recorded, rendering Wolfengang's purported interest void.

II. CONCLUSION

Based on the foregoing, I find that the United States has shown that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law on Claim Two, its forfeiture claim, as to all Defendants. Accordingly, it is

ORDERED that the United States' Motion for Summary Judgment [doc. # 53] is **GRANTED** as to Claim Two. The United States may foreclose its tax liens on the subject property. It is

FURTHER ORDERED that the United States shall file a Proposed Order of Foreclosure and Judicial Sale by **Thursday, March 25, 2010,** along with a proposed order to dismiss this case since all claims have now been ruled on.

Dated: March 22, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge