IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00253-WYD-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERALD E. KIMMELL;
EVELYN R. KIMMELL;
HIGH PLAINS ELECTRICAL CONTRACTING;
WOLFENGANG, LLC;
STATE OF COLORADO,
DEPARTMENT OF REVENUE,

    Defendants.

## ORDER OF FORECLOSURE AND JUDICIAL SALE

THIS MATTER comes before the Court on the United States' Motion for Order of Foreclosure and Judicial Sale (filed March 24, 2010). The motion seeks entry of an Order of Foreclosure and Judicial Sale for the real property upon which the United States seeks to foreclose its federal tax liens, located at 5129 South Tom Bay Road, Bennett, Colorado, 80102. The United States submitted a Memorandum in Support of its Motion. The Court, having reviewed the Motion and Memorandum and being fully advised in the premises, enters this Order of Foreclosure and Decree of Sale.

IT IS HEREBY ORDERED THAT:

1. The United States' Motion for Order of Foreclosure and Judicial Sale is **GRANTED**.

2. The United States' federal tax liens against Gerald Kimmell arising out of the Internal Revenue Service assessment of federal income tax liabilities against him for the 2000, 2001, and 2003 tax years, and the United States' judgment liens against Gerald Kimmell, arising out of the United States' claim to reduce these same assessments to judgment in the above-captioned civil action, are foreclosed.

3. The United States Marshal for the District of Colorado, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the following real property (collectively referred to as "the Property"):

> The property located at 5129 South Tom Bay Road, Bennett, Colorado, 80102 more particularly described as:
>
> A tract of land located in Section 13, Township 5 South, Range 64 West of the 6th Principal Meridian, Arapahoe County, Colorado, more particularly described as follows:
>
> Commencing at the Northwest corner of said Section 13, witnessed by a 1"rebar and 3 ¼ 'survey cap (LS 13482); thence along the North section boundary to the North ¼ corner assumed to bear S 89 44'16" E with all bearings contained herein relative thereto, a distance of 525.247 feet to the True Point of Beginning; thence S 89 44; 16" E, a distance of 1826.845 feet to the center of a roadway easement as described in Exhibit A of Declaration of Covenant and Restrictions for Quincy Farms Development recorded January 29, 1998 at Reception No. A8012364; thence along the center of the easement S 13 16' 44" W, a distance of 73.236 feet; thence along a tangent curve to the left with a curve length of 246.624 feet, a delta of 05 02'48" and having a radius of 2800.000 feet; thence S 08 13'56" W, a distance of 553.573 feet; thence leaving the center of easement S 77 22'52" W, a distance of 1364.235 feet; thence N 16 50'23" W, a distance of 1220.078 feet to the True Point of Beginning.

4. The United States Marshal for the District of Colorado, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), are

authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

5. The terms and conditions of the sale shall be:

   a. the sale of the Property shall be free and clear of the interests of Gerald Kimmell, Evelyn Kimmell, High Plains Electrical Contracting, the State of Colorado, Department of Revenue and Wolfengang, LLC;

   b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

   c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

   d. the date and time for sale are to be announced by the United States Marshal, his/her representative, or a PALS representative;

e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Arapahoe County, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f. the minimum bid will be set by the Internal Revenue Service for the Property. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

g. the successful bidder for the Property shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Colorado. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the

successful bidders(s), they can make the deposit required by this order of sale;

h. the balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Gerald Kimmell at issue herein. The Property shall be again offered for sale under the terms and conditions of this order of sale. The United States may bid as a credit against its judgment without tender of cash;

i. the sale of the Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within twenty days from the date of receipt of the balance of the purchase price;

j. on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

k. on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

    l.    on confirmation of the sale, the recorder of deeds, Arapahoe County, Colorado, shall cause transfer of the Property to be reflected upon that county's register of title; and

    m.    the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

6. Until the Property is sold, Gerald Kimmell and Evelyn Kimmell shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

7. All persons occupying the Property shall leave and vacate the Property permanently within sixty days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems a ppropriate to remove such person from the premises,

whether or not the sale of such Property is being conducted by a PALS.  Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Gerald Kimmell and Evelyn Kimmell, and any occupants.  To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary.  When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee.  No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees.  Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

8. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

9. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

   a. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

   b. To all taxes unpaid and matured that are owed to Arapahoe County for real property taxes on the property;

   c. To the federal income tax liabilities of Gerald Kimmell, plus all interest and penalties due and owing thereon, though not to exceed 50% of the total proceeds of the sale;

   d. To Evelyn Kimmell in an amount reflecting her 50% interest in the subject property;

   e. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

Dated: March 26, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge